BEFORE THE FIRST DIVISION, MAY 12, 1945

**No. 50175.**—Protests 105289–K, etc., of Globe Shipping Co., Inc., et al. (New York).

Opinion by OLIVER, P. J.   It was stipulated that the harmonicas in question are similar in all material respects to the merchandise the subject of Abstract 49930, which record was incorporated herein.   In accordance therewith the claim at 40 percent under paragraph 1541 (a) was sustained.

BEFORE THE SECOND DIVISION, MAY 12, 1945

**No. 50176.**—Protests 25961–K, etc., of Geo. E. Mallinson Importing Co., Inc. (New York).

Opinion by KINCHELOE, J.   In accordance with stipulation of counsel that the merchandise is similar in all material respects to that passed upon in *Nippon Import & Trading Co.* v. *United States* (14 Cust. Ct. 35, C. D. 908), the claim at 35 percent under paragraph 921 was sustained.

BEFORE THE THIRD DIVISION, MAY 12, 1945

**No. 50177.**—Protests 51653–K, etc., of Eugene B. Baehr & Sons et al. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 50178.**—Protests 64011–K, etc., of Barrie Morell & Co. et al. (New York).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided

February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50179.**—Protests 53777–K, etc., of Artmart Linen Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50180.**— Protests 69462–K, etc., of Robert McBratney & Co., Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50181.**—Protests 52085–K, etc., of Keuffel & Esser Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50182.**—Protests 52096–K, etc., of Ascot, Ltd., et al. (New York).